**TAHOE REGIONAL PLANNING AGENCY, Plaintiff,**

v.

**TERRACE LAND COMPANY, INC., and C.E. Metrailer, Individually, Defendants.**

**No. CV–N–87–502–ECR.**

United States District Court, D. Nevada.

Dec. 17, 1992.

Louis R. Doescher, Carson City, NV, for plaintiff.

J. Stewart White, Carson City, NV, and Kim Hagerty, Inc., Incline Village, NV, for defendants.

## ORDER

EDWARD C. REED, Jr., Senior District Judge.

Defendants' (Terrace Land Company and M.E. Metrailer) Request for Refund of Restoration Fine (document # 97) arises from an action initiated by Plaintiff Tahoe Regional Planning Agency (TRPA) to enforce its ordinances by filing a complaint for injunctive relief and civil penalties against said defendants. This Court determined on October 5, 1990 that Terrace acted in bad faith in constructing a road without a permit from TRPA and fined Terrace a total of $17,725.00—$15,000.00 for three violations of the Compact and $2,725.00 for restoration costs of the scarred land (Memorandum and Decision filed June 17, 1991, 772 F.Supp. 506, document # 91). Defendants paid the fine as ordered.

The restoration fine was based upon an estimate prepared by a representative of the U.S. Forest Service (USFS) to restore the site for full stabilization and erosion control. The proposed restoration plan adopted by this Court did not include the planting of new trees and did not restore the property to its former natural state but it did meet the goal of the Compact and ordinances to preserve Lake Tahoe's fragile environment. The proposal (document # 93 exhibit B, p. 2) specifically called for deep till/scarify and waterbar, seed, fertilizer, mulch and plant, and labor costs amounting to $2,595.00.[1] No deadline was

proposed for implementation of this project; however, it was estimated that the stabilization work would be done sometime in 1991. This Court retained jurisdiction to issue any additional orders that might be necessary to complete the work.

On July 9, 1992 Defendants filed a Motion for Order Enforcing Judgment (document # 92) in which said defendants expressed their concern that TRPA had not yet arranged for or completed any soil stabilization and erosion control despite the fact that defendants had paid the fine for that purpose. Defendants also suggested that it might be appropriate to fine or sanction Plaintiff due to the agency's inaction. Plaintiff filed an Opposition to Motion for Order Enforcing Judgment (document # 93) stating that stabilization work commenced in April 1992 and that the work according to the USFS estimate was no longer necessary and that the money should be spent on planting trees along the subject property. Defendants filed a Reply (document # 94) and requested that they be given leave to respond to Plaintiff's proposal to use the money in a manner not contemplated or approved by the court order (i.e. the tree-planting proposal).

This Court issued an order 1) denying the defendant's motion for sanctions or fines against the plaintiff; 2) concluding that the restoration provided for in the USFS estimate need not be performed; and 3) granting the defendants an opportunity to respond to plaintiff's suggestion that trees be planted on the subject property. Defendants have responded (document # 97) and plaintiff has replied (document # 100). This Court is now prepared to decide whether or not planting trees is necessary to restore the property sufficiently to meet the Compact's goal to preserve Lake Tahoe's fragile environment as previously ordered.

This Court has already found that the restoration provided for in the USFS estimate need not be performed. The defendants' initial reseeding efforts together

---

1. The Court increased the proposal cost by 5% (making the total fine $2,725.00) to cover for inflation in consideration of the fact that the proposal was made in 1990 and work would not commence until 1991.

752

with the passing of two years has adequately stabilized the property in the manner that the original proposal intended. The $2,725.00 held by TRPA could be used to plant trees; however, such restoration was not considered necessary in this Court's original order—this court specifically found that it was not necessary to restore the property to its original state. While funds could always be used to enhance the Tahoe environment, plaintiffs have made no showing that planting the trees is necessary to reach the stabilization and erosion control goals of this Court's previous order. Instead, the evidence shows that the planting the trees in the roadway may in fact frustrate the objective of preserving the Tahoe property in that the roads will be needed to transport extremely hazardous dead trees off the property.

Plaintiffs have not taken any steps calling for the expenditure of funds outlined in the 1990 proposal towards stabilization of the property. The passage of time and the defendants' initial mitigation efforts have managed to create the stabilization intended by the expenditure of the $2,725.00 fine. Defendants should be reimbursed for this amount. Because there was no deadline for the restoration project, interest will not be added to the reimbursement total. Defendants are not being reimbursed due to TRPA's delay in implementation but due to the *effect* of the delay (natural vegetation). It is impossible to determine when "adequate stabilization" occurred. Defendants should only be entitled to interest on their fine for the period of time that TRPA wrongly held the funds (i.e. after adequate restoration/stabilization—not for the entire period). Because there was no deadline for the project and only now is the Court ready to determine that the stabilization goals have been met, it is not appropriate to award interest to the defendants.

Holding the fine as a credit for restoration of the road after it has been used by the defendants to remove dead trees is premature and unwarranted considering a permit has not been requested or granted, and the trees have not been excavated. This bridge will be crossed at sometime in the future. The defendants' new concern for the Tahoe property, evidenced by the request that this Court enforce the restoration judgment and the concern about the fire hazard of dead trees, is encouraging. Clearly, defendants' concern for land preservation is renewed and all efforts will be made to comply with TRPA ordinances in the future—including any revegetation requirements after the road is used to excavate the dead trees. The defendants pleadings give hope to this Court that future efforts to preserve the property at issue will not have to be pursued in the same litigious manner as the case at hand.

IT IS, THEREFORE, HEREBY ORDERED that Defendants' Request for Refund of Restoration Fine (document # 97) for the amount of $2,725.00 payable forthwith is GRANTED.